## LEWIS v. SWILER CONSTRUCTION CO.

———

(January 28, 1928.   Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**
When a case involves merely a question of fact the judgment will be affirmed unless manifestly erroneous.

Appeal from the Civil District Court, Hon. Porter Parker, Judge.

*Action by Monroe Lewis against J. J. Swiler Construction Co., Inc.*

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

F. B. Smith, Paul W. Maloney, of New Orleans, attorneys for plaintiff, appellant.

Gordon Boswell, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.   This is a suit under the Employers' Liability Act.

The plaintiff alleged that he was employed as a laborer in a hazardous occupation by the defendants and that on June 25th, 1925, while so employed he was permanently injured on his left leg by an iron pick; that compensation of $22.95 was paid to him for two weeks and three days, by the defendants through an insurance company from July 3rd to July 19th, 1925, but was since denied further compensation; that under Act 216 of 1924 he is entitled to 65% of his weekly wages for 300 weeks amounting to $2895, subject to a credit of $22.95 already paid him.

The defendant admitted the employment of plaintiff in a hazardous occupation; admitted that plaintiff struck himself on the lower third of his left leg with a pick axe which he was using in the course of his employment; admitted the payment of $22.81 instead of $22.95; admitted the demand for further compensation from the insurance company; and avers that the insurance company refused to pay "for the reason that the several doctors who examined plaintiff certified that his liability from the said accident terminated on July 19th, 1925." They denied all the other allegations of plaintiff's petition.

There was judgment in favor of the defendant rejecting plaintiff's demand and he has appealed.

The only question remaining for our determination is one of fact, whether plaintiffs' disability to work lasted beyond July 19th, 1925.

The plaintiff testified that he had not yet recovered from his injury; that it hurt him all the time; before he worked for the defendant he was driving a wagon; moving furniture up and down stairs; his limbs were all right; he cannot do any physical labor any more; he walks with a stick since he was hurt; he is 69 years of age; he was earning $2.70 a day when he got hurt; or $15 a week; Mr. Swiler was standing right over him when he struck his knee with the pick; he consulted Dr. Gaines on the day after the accident; he walked to his office about four blocks off; he returned there about two weeks after; on the advice of the defendant he went to Dr. Ficklen; he wrapped his knee in cotton, but gave him no medicine, all the medicine he got was from Dr. Mims and Dr. Gaines; "he told me to go back to work, but I wasn't able. By him telling me to go to work didn't make me fit, because I wasn't able"; he went to Dr.

Mims in July and August; he is rubbing with camphor and oil and hot water and salt.

Dr. Mims testified that the plaintiff came to him with an injury to his leg near the shin bone; he showed evidence of wound; he thinks the plaintiff said three or four weeks after the injury; he came to his office only twice; he gave him medicine and stuff to apply to it; he thinks he showed signs of suffering on his last visit; he guesses, according to his age, he would suffer three or four or five months; he had a scar from the wound; he could not say how large, he paid no particular notice, it has been so long; there was no other injury.

Robert Brooks testified that he fired with the plaintiff for about a year; then he had a furniture wagon which plaintiff was driving for him and "toting" furniture; he stopped working for witness who did not see him for some time; when he heard he had been hurt he went to see him and "seen his feets all swole" on a chair; some time after the plaintiff asked him for a job, but he told him he would not do, as he could not jump on wagons and hop down, limping as he was. The plaintiff did not produce Dr. Gaines who first treated him.

The defendant Swiler testified that the plaintiff was at work digging a trench in which there were cobble stones; he was using a mad-axe, wide on one side and pointed at the other side; the axe glanced and hit him a light lick on the shin bone; after a while he said his foot hurt; he continued working until 4.30, a full nine hours' work; plaintiff pulled up his pants and showed him his leg; there was nothing to it, just a little dent; the blade of the axe is dull, having been used for several years; the skin was not cut, just a little dent, no bleeding; he did not

come back the next day, only about two or three weeks after.

Dr. J. N. Dicks testified that on September 25th, 1925, he examined plaintiff who complained of a swelling of his ankle; he indicated the place on his leg where he had been struck by the axe; he found no evidence of an injury at that place from the blow; he did not see him any other time; just below the alleged blow there was a scar about three inches in length that he told him he had received some years ago from a burn; there was a swelling on his left foot which was due to his old scar; he could find no signs of any swelling to his leg where he said he was struck; he asked for no treatment, he came only to be examined; witness has been practicing since 1914 and is a graduate of Tulane.

Dr. E. A. Ficklen is a graduate of Tulane and has specialized in surgery; he examined plaintiff in July, 1925; he found no evidence of an injury on the left shin bone, only a small break in the skin; he found that his left foot and ankle were slightly swollen; in his opinion "the swelling was not due to the blow on the shin; it was due partly to the interference with the articulation of the foot by scar tissue, and due partly to extensive hardening of the arteries of that lower extremity"; the plaintiff told him that the scar on his leg was due to an old burn sustained during the time when he was fireman on the railroad; the last time he saw him the break in the skin had disappeared, his normal health was restored and he discharged him on July 20th; he was then able to resume work as a laborer; the blow on the leg did not increase his previous diseased condition; the location of the wound did not interfere with any of the muscles of the leg. The crest of the tibia is covered only by the skin and a few small blood

vessels; a blow there is moderately painful, but this man was given the benefit of every doubt; he saw him first about two weeks after the injury; saw him four times and he allowed him to draw compensation until July 20th; at the time he discharged him he was cured of all injuries according to his sincere opinion.

We are not assured that the judgment is not correct. In the case of Stewart vs. Canal Steel Works, we said: "When a case involves merely a question of fact the judgment will be affirmed unless manifestly erroneous".

Judgment affirmed.